UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

Diamond Lewis and Samuel Lewis,

        Plaintiffs,

v.

American Accounts & Advisers, Inc.,

        Defendant.

**COMPLAINT**

**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for damages against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff Diamond Lewis (hereinafter "Plaintiff D.L.") is a natural person who resides in the City of Crystal, County of Hennepin, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Samuel Lewis (hereinafter "Plaintiff S.L.") is a natural person who resides in the City of Crystal, County of Hennepin, State of Minnesota. Plaintiff is

a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "any person" under 15 U.S.C. § 1692d.

5. Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant") is a domestic corporation incorporated under the laws of the state of Minnesota and regularly engages in debt collection with a principal place of business at 7460 80th St., Cottage Grove, MN 55016 and has a registered address of 3904 Cedarvale Drive, Eagan, MN 55122 . Defendant is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to June 2009, Plaintiff D.L. incurred a "consumer debt" as that term is defined at 15 U.S.C. § 1692a(5), for medical bills.

7. Upon information and belief, sometime prior to June 2009, the medical provider transferred, sold or assigned the alleged debt to Diversified Adjustment Service, Inc. for collection.

8. In June 2009, Plaintiffs sent Diversified Adjustment Service, Inc. a letter demanding that no telephone calls be made to Plaintiff D.L. in connection with the debt due to her medical condition.

9. Thereafter, the debt was transferred, sold, or assigned to Defendant for collection in or about April 2010.

10. On or about April 12, 2010, Defendant's agent telephoned Plaintiff D.L. in violation of 15 U.S.C. § 1692c(c), left the following message on Plaintiff D.L.'s cell phone:

> "Hey Diamond this is Jay – there's something of yours that I need a call back on at 651 287 6130.  This is Jay."

11. Defendant's message dated on or about April 12, 2010 failed to disclose that Defendant was a debt collector and the purpose of the communication as an attempt to collect a debt in violation of 15 U.S.C. §§ 1692d(6) and 1692e(11).

12. Thereafter, Plaintiff D.L.'s husband, Plaintiff S.L., called the number left in the voice message dated on or about April 12, 2010 and left a message for Defendant's agent "Jay" to call him back and not to telephone Plaintiff D.L. again.

13. Approximately thirty minutes later, Defendant's agent telephoned Plaintiff D.L. again despite the instruction not to do so, in violation of 15 U.S.C. § 1692d.

14. Plaintiff S.L. then spoke with Defendant's agent who told him he was calling in regards to the outstanding medical debt.

15. Plaintiff S.L. explained to Defendant's agent that per the previous instructions contained in the written letter sent to the previous debt collector, no phone calls were to be made to Plaintiff D.L. due to her medical condition.

16. Defendant's agent became rude and argumentative during his conversation with Plaintiff S.L. and called him an "a**" prior to hanging up in violation of 15 U.S.C. § 1692d and 1692d(2).

17. Thereafter, on or about April 29, 2010, Defendant's agent telephoned Plaintiff D.L. again and left another voice message, wherein he again failed to disclose that Defendant was a debt collector and the purpose of the communication as an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692d, 1692d(6) and 1692e(11).

18. On or about May 5, 2010, Plaintiff S.L. telephoned Defendant and again spoke with its agent Jay. Plaintiff S.L. again directed Defendant not to contact Plaintiff D.L. due to her medical condition. However, Defendant's agent became argumentative again, and after Plaintiff S.L. requested to speak with a manager, Defendant hung up on Plaintiff, in violation of 15 U.S.C. § 1692d.

19. In violating the aforementioned provisions of the FDCPA, Plaintiffs have suffered emotional distress, fear, anxiety, and frustration constituting actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

20. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs for their actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

21. Plaintiffs are entitled to and hereby request a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 ET SEQ.

22. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully stated herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered and are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that relief be granted as follows:

- That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) & (B);
- That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- That the Court grant such other and further relief as may be just and proper.

Dated this 9th day of June, 2010.        By:  s/Trista M. Roy_____

**CONSUMER JUSTICE CENTER, P.A.**
Trista M. Roy, Esq.
MN Bar No.: 0387737
Thomas J. Lyons, Esq.
MN Bar No.:  65699

          367 Commerce Court
          Vadnais Heights, Minnesota 55127
          Telephone: (651) 770-9707
          Facsimile: (651) 704-0907
          tristacjc@aol.com
          tlyons@lyonslawfirm.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF <u>HENNEPIN</u>          )

I, Diamond Lewis, having first been duly sworn and upon oath, deposes and says as follows:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                        s/Diamond Lewis
                                        Diamond Lewis

Subscribed and sworn to before me
this <u>22</u> day of May, 2010.


s/Karin M. Hadoff
Notary Public

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF  HENNEPIN           )

I, Samuel Lewis, having first been duly sworn and upon oath, deposes and says as follows:

6. I am one of the Plaintiffs in this civil proceeding.
7. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
8. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
9. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
10. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                        s/Samuel Lewis
                                        Samuel Lewis

Subscribed and sworn to before me
this 22 day of May, 2010.


s/Karin M. Hadoff
Notary Public